**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| NELIO JACOB PADILLA CHAVEZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03081-SHL-cgc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On August 20, 2026, Petitioner Nelio Jacob Padilla Chavez filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without a bond hearing. (Id. at PageID 1, 6.) Mr. Padilla Chavez states that he first entered the United States on January 14, 2020 and "has been present in the United States ever since his entry." (Id. at PageID 1.) He states that he "has been married since March 24, 2024," and that he and his partner have "three children together." (Id.) His aforementioned family is present in the United States. (Id.) Mr. Padilla Chavez states that his substantial community ties also include his church, First Hispanic Seventh-Day Adventist Church in Nashville. (Id.) He states that he pays taxes in the United States, rent on his family's home, and owns two cars on which he maintains insurance. (Id.) He was "apprehended on or about August 15, 2026" by immigration officials. (Id.) He requests that the Court order Respondent to show cause why the petition should not be granted, and that the Court grant the petition and order immediate release. (Id. at PageID 6.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th

713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 31st day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE